**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50546 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00308-DSF-1 |
| v. | |
| SJARIEFF MCGHEE, AKA Racheed Binyah, AKA John Joe, AKA Sjariefe McGhee, AKA Reese, AKA Rieff, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 6, 2015[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sjarieff McGhee appeals his conviction for bank fraud and other crimes on two grounds: (1) the district court committed clear error in finding him competent to stand trial, and (2) the district court abused its discretion in denying his motion for a third competency evaluation. We affirm.

The district court made a finding of fact that McGhee was competent to stand trial based on two expert reports, one prepared by a clinical professor of psychiatry at the University of Southern California, Dr. Kaushal Sharma, and the other prepared by a forensic psychologist with the Bureau of Prisons, Dr. Ryan Nybo. The first report was prepared for a state criminal trial. The second report was ordered by the district court for the federal trial in which McGhee was convicted, the conviction he now appeals.

Although McGhee characterizes it in his brief as a request for a second competency examination, in effect McGhee was seeking a third competency examination, because the district court considered both expert reports in finding him competent. Each report indicated that McGhee was competent. In his report, Dr. Sharma opined, "The defendant is presently competent to stand trial. The defendant may be suffering from a mental illness; however, his presentation during

the interview is more consistent with either embellishing or malingering mental incompetency." Dr. Sharma noted that McGhee's alleged state crimes—masterminding a multi-person scheme to steal gift cards—"[are] highly consistent with a person who is deceptive, antisocially motivated and <u>has functioning cognitive thinking</u>." (emphasis added). Dr. Sharma concluded:

> I believe the defendant is a rather smart individual who is trying to be uncooperative for a conscious purpose perhaps to avoid or delay criminal proceedings. I do not find any evidence of mental illness and I believe the presumption of competency cannot be overcome. The defendant should be considered competent to stand trial.

Dr. Nybo came to similar conclusions. He noted that McGhee "did not meet criteria for any mental disorders, mental defects, or personality disorders." Dr. Nybo continued:

> From the available information, there is no evidence to indicate the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense. It is emphasized he suffers from no mental illness. Mr. McGhee holds a rigid and nonconventional interpretation of law, which is not unusual for those espousing sovereign citizen ideologies. His lack of participation in the legal process is not a matter of ability, but rather a choice.

A psychiatrist and a psychologist both agreed that McGhee had no mental disorder rendering him incompetent to stand trial. McGhee presented no medical evidence that he was incompetent; his claim of incompetency rested on his

3

sovereign citizen beliefs, which alone were not sufficient to establish incompetency.  See United States v. Neal, 776 F.3d 645, 657 (9th Cir. 2015). McGhee's misguided beliefs were addressed by Dr. Nybo.  Dr. Nybo noted that "[a]lthough [the beliefs] are extreme, they are not of a delusional proportion, as there are subsets of the population who hold similar beliefs."  The district court could reasonably accept Drs. Sharma and Nybo's evaluation of McGhee as correct. On the record before us, we cannot say that the district court clearly erred in finding McGhee was competent to stand trial.

The next challenge McGhee raises is that the district court abused its discretion in denying his request for a third competency evaluation.  McGhee's sovereign citizen defense did not warrant a third evaluation because those beliefs, as noted, were insufficient to show he was incompetent to stand trial.  This is true even if McGhee acted bizarrely or in ways detrimental to his defense.  See Neal, 776 F.3d at 657; see also United States v. Johnson, 610 F.3d 1138, 1140 (9th Cir. 2010) ("The record clearly shows that the defendants are fools, but that is not the same as being incompetent.").  McGhee presented no evidence that would raise doubt as to his competency beyond what had already been evaluated by Drs. Sharma and Nybo.  The district court had before it the two reports finding McGhee

4

competent to stand trial.  With both experts in agreement that McGhee was competent and no evidence in the record indicating incompetency, we cannot say the district court abused its discretion in denying McGhee a third evaluation.

**AFFIRMED.**